United States District Court
Southern District of Texas

**ENTERED**

December 07, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CYNTHIA TISDALE, *et al.*, | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| VS. | § | 3:20-cv-140 |
| | § | |
| ANTONIO PAGOURTZIS, *et al.*, | § | |
| | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| ROSIE YANAS, et al., | § | |
| | § | |
| *Plaintiffs* | § | |
| VS. | § | 3:20-cv-141 |
| | § | |
| ANTONIO PAGOURTZIS, *et al.*, | § | |
| | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| CHASE YARBROUGH, *et al.*, | § | |
| | § | |
| *Plaintiffs* | § | |
| VS. | § | 3:20-cv-171 |
| | § | |
| ANTONIOUS PAGOURTZIS, *et al.*, | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## ORDER GRANTING MOTIONS TO REMAND

These three cases arise from the 2018 Santa Fe High School shooting. The plaintiffs in *Tisdale v. Pagourtzis*, 3:20-cv-140, are the estate of Cynthia Tisdale, a teacher killed in the shooting, the estate of Cynthia's husband, and two of their children.[1] The plaintiffs in *Yanas v. Pagourtzis*, 3:20-cv-131, are the parents of six children killed in the shooting and a student and teacher who were wounded.[2] The plaintiffs in *Yarbrough v. Pagourtzis*, 3:20-cv-171, are Chase Yarbrough, a student injured in the shooting, and his parents.[3]

The claims in the cases are substantially identical. The plaintiffs in all three cases (collectively, "the plaintiffs") sued Antonios Pagourtizs, the shooter, and his parents for various negligence and intentional-tort claims.[4]

---

[1] Plaintiffs' and Plaintiff-Intervenor's Motion to Remand at 2, *Tisdale v. Pagourtzis*, 3:20-cv-140 (S.D. Tex. June 1, 2020), Dkt. 17 [hereinafter *Tisdale* Motion to Remand].

[2] Plaintiffs' and Plaintiffs-Intervenors' Motion to Remand at 2, *Yanas v. Pagourtzis*, 3:20-cv-141 (S.D. Tex. June 1, 2020), Dkt. 20 [hereinafter *Yanas* Motion to Remand].

[3] Yarbrough Plaintiffs' Motion to Remand at 2, *Yarbrough v. Pagourtzis*, 3:20-cv-171 (S.D. Tex. June 19, 2020), Dkt. 16 [hereinafter *Yarbrough* Motion to Remand].

[4] *See generally* Exhibit B-14 to Notice of Removal, Plaintiffs First Amended Original Petition, PDF at 61–63, 67, *Tisdale v. Pagourtzis*, 3:20-cv-140 (S.D. Tex. May 1, 2020), Dkt. 1-2 [hereinafter *Tisdale* First Amended Petition]; Exhibit B-71 to Notice of Removal, Yanas's Third Amended Petition, PDF at 160–62, 165–67, 171–76, *Yanas v. Pagourtzis*, 3:20-cv-141 (S.D. Tex. May 1, 2020), Dkt. 1-3 [hereinafter *Yanas* Third Amended Petition]; Exhibit B-80 to Notice of Removal, Beazley's First Amended Petition, PDF at 200–02, 212–14, *Yanas v. Pagourtzis*, 3:20-cv-141 (S.D. Tex. May 1, 2020), Dkt. 1-3 [hereinafter *Beazley* First Amended Petition]; Exhibit B-1 to Notice of Removal, Yarbroughs' Original Petition, PDF at 22–24, 27–28, 33–34, *Yarbrough v. Pagourtzis*, 3:20-cv-171 (S.D. Tex. May 20,

The plaintiffs also sued Luckygunner, LLC, Red Stag Fulfillment, LLC, MollenhourGross, LLC, Jordan Mollenhour, and Dustin Gross (collectively, the "Tennessee defendants"). The plaintiffs allege these defendants sold and sent ammunition to the shooter. Specifically, the plaintiffs allege that the Tennessee defendants (1) negligently sold ammunition to the shooter without confirming or investigating whether he was old enough to purchase it and (2) conspired to intentionally not know their customers' ages, in violation of a federal criminal statute.[5]

The *Yarbrough* and *Yanas* plaintiffs originally filed their cases in County Court at Law No. 3 in Galveston County.[6] The *Tisdale* plaintiffs originally filed in probate court in the same county.[7]

The Tennessee defendants removed the *Tisdale* and *Yanas* cases to this court on May 1, 2020,[8] and *Yarbrough* on May 20.[9]

---

2020), Dkt. 1-2 [hereinafter *Yarbrough* Petition].

[5] *Tisdale* First Amended Petition, *supra* note 4, PDF at 61, 63–69; *Yanas* Third Amended Petition, *supra* note 4, PDF at 162–65, 167–72; *Beazley* First Amended Petition, supra note 4, PDF at 202–212; *Yarbrough* Petition, *supra* note 4, PDF at 24–27, 28–33.

[6] Notice of Removal, *Yanas v. Pagourtzis*, 3:20-cv-141 (S.D. Tex. May 1, 2020), Dkt. 1 [hereinafter *Yanas* Notice of Removal]; Notice of Removal, *Yarbrough v. Pagourtzis*, 3:20-cv-171 (S.D. Tex. May 20, 2020), Dkt. 1 [hereinafter *Yarbrough* Notice of Removal].

[7] Notice of Removal, *Tisdale v. Pagourtzis*, 3:20-cv-140 (S.D. Tex. May 1, 2020), Dkt. 1 [hereinafter *Tisdale* Notice of Removal].

[8] *Id.*; *Yanas* Notice of Removal, supra note 6.

[9] *Yarbrough* Notice of Removal, *supra* note 6.

On June 1, the *Tisdale* and *Yanas* plaintiffs moved to remand their cases back to their respective original state courts.[10] On June 19, the *Yarbrough* plaintiffs did the same.[11] The shooter's parents agreed to remand.[12] The Tennessee defendants responded to the plaintiffs' motions,[13] and the plaintiffs replied.[14] On October 15, the court heard arguments on all three motions in a single teleconference.[15] Afterwards, the plaintiffs and the Tennessee defendants submitted post-hearing letter briefs.[16]

---

[10] *See generally Tisdale* Motion to Remand, *supra* note 1; *Yanas* Motion to Remand, *supra* note 2.

[11] *See generally Yarbrough* Motion to Remand, *supra* note 3.

[12] *See id.* at 1 n.1. The shooter has not appeared or filed any pleadings in any of these cases. *See* Defendants' Response in Opposition to Plaintiffs' Motion to Remand at 3 n.1, *Yarbrough v. Pagourtzis*, 3:20-cv-171 (S.D. Tex. July 10, 2020), Dkt. 18 [hereinafter *Yarbrough* Response].

[13] Defendants' Response in Opposition to Plaintiffs' Motion to Remand, *Tisdale v. Pagourtzis*, 3:20-cv-140 (S.D. Tex. June 22, 2020), Dkt. 19; Defendants' Response in Opposition to Plaintiffs' Motion to Remand, *Yanas v. Pagourtzis*, 3:20-cv-141 (S.D. Tex. June 22, 2020), Dkt. 25; *Yarbrough* Response, *supra* note 12.

[14] Reply Brief in Support of Plaintiffs' and Plaintiffs-Intervenors' Motion to Remand, *Yanas v. Pagourtzis*, 3:20-cv-141 (S.D. Tex. July 1, 2020), Dkt. 27; Reply Brief in Support of Plaintiffs' and Plaintiffs-Intervenors' Motion to Remand, *Tisdale v. Pagourtzis*, 3:20-cv-140 (S.D. Tex. July 1, 2020), Dkt. 21; Yarbrough Plaintiffs' Reply in Support of Motion to Remand, *Yarbrough v. Pagourtzis*, 3:20-cv-171 (S.D. Tex. July 23, 2020), Dkt. 21.

[15] *See* Transcript of Motion Hearing, *Yarbrough v. Pagourtzis*, 3:20-cv-171 (S.D. Tex. Oct. 16, 2020), Dkt. 21.

[16] The plaintiffs jointly filed one letter brief. *See* Surreply to Motion to Remand, *Yarbrough v. Pagourtzis*, 3:20-cv-171 (S.D. Tex. Oct. 22, 2020), Dkt. 33; Brief in Support of Response to Motion to Remand, *Yarbrough v. Pagourtzis*, 3:20-cv-171 (S.D. Tex. Oct. 22, 2020), Dkt. 34 [hereinafter Tennessee Defendants' Post-Hearing Letter Brief].

Having considered the plaintiffs' and defendants' briefing, the arguments of counsel, and the applicable law, the court grants the plaintiffs' motions and remands each case to its respective original state court.

## I.   Removal Requirements

"Federal courts are courts of limited jurisdiction" and "must presume that a suit lies outside this limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* The law authorizes removal only where original jurisdiction already exists—whether based on diversity of citizenship or a federal question. 28 U.S.C. § 1441(a); *see also id.* §§ 1331 (federal-question jurisdiction), 1332 (diversity-of-citizenship jurisdiction). The Tennessee defendants removed the *Tisdale* and *Yanas* cases based on federal-question jurisdiction.[17] They removed the *Yarbrough* case based on both diversity and federal-question jurisdiction.[18] In *Yarbrough*, the Tennessee defendants later withdrew their argument for diversity jurisdiction, leaving federal-question jurisdiction as the only basis for removal.[19]

---

[17] *Yanas* Notice of Removal, supra note 6, at 3; *Tisdale* Notice of Removal, *supra* note 7, at 2–3.

[18] *Yarbrough* Notice of Removal, *supra* note 6, at 2–3.

[19] Defendants' Notice Withdrawing Diversity Jurisdiction as an Initial Basis for Removal ¶ 2, *Yarbrough v. Pagourtzis*, 3:20-cv-171 (S.D. Tex. June 18, 2020), Dkt. 15.

### A.    *Federal-Question Jurisdiction*

The Supreme Court has explained that for purposes of determining federal-question jurisdiction, a case "arises under" federal law in two ways. *Gunn v. Minton*, 568 U.S. 251, 257–58 (2013); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983); *see* 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3562 (4th ed. October 2020 Update). First, federal-question jurisdiction obviously exists when "federal law creates the cause of action asserted." *Gunn*, 568 U.S. at 258.

But when state law, rather than federal law, supplies the plaintiffs' causes of action, "arising under" jurisdiction may exist only in a "special and small category" of cases in which the state-law claims turn on questions of federal law. *Id.* The Supreme Court instructs that "federal jurisdiction over a state-law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (citing *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005)). Because the Court first articulated the four parts of this inquiry in the *Grable* case, they are referred to as "the *Grable* factors."

## B.    *Unanimity Requirement*

When the only basis for removal is federal-question jurisdiction, the defendants must unanimously agree to remove. 28 U.S.C. § 1446(b)(2)(A) ("[When removal is] solely under § 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). There are three exceptions to this unanimity requirement: "(1) where the defendant was not yet served with process at the time the removal petition was filed; (2) where a defendant is merely a nominal, unnecessary or formal party-defendant; and (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c)." *Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 582–83 (S.D. Tex. 2012) (footnotes omitted). The third exception is at issue here.

Section 1441(c) provides a mechanism to excuse failure to secure unanimous consent by severing and remanding certain qualifying state-law claims from the removed civil action. 28 U.S.C. § 1441(c). More specifically, the statute provides that where a federal-question claim is joined with a claim that is not "within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute," the action "may be removed if the action would be removable without the inclusion of the claim [that lacks federal original or supplemental

jurisdiction]," but a district court "shall sever" and remand such a claim to the "State court from which the action was removed." *Id.* § 1441(c)(1)(B), (c)(2); *see Vinson v. Schneider Nat. Carriers, Inc.*, 942 F. Supp. 2d 630, 636 (N.D. Tex. 2013); *see also* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 3722.3.

Thus, for the question whether certain state-law claims may be severed and remanded under 28 U.S.C. § 1441(c), the court must determine whether it lacks "supplemental jurisdiction" over the state-law claims. *See Experience Infusion Ctrs., LLC v. Lusby*, CV H-17-1168, 2017 WL 3235667, at *3 (S.D. Tex. July 31, 2017). That determination is made by considering whether the state-law claims share a "common nucleus of operative fact" with the purported federal-question claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008); *see also* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Finally, courts must resolve "any doubt as to the propriety of removal . . . in favor of remand" because of the "significant federalism

8 / 19

concerns" removal raises. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *see also Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

## II.   Analysis

### A.   *Federal-Question Jurisdiction*

Because diversity jurisdiction is unavailable, the Tennessee defendants' first hurdle—under both sections 1441(a) and 1441(c)—is to establish that the plaintiffs' claims feature a federal question within the meaning of 28 U.S.C. § 1331. *See* 28 U.S.C. § 1441(a), (c).

The Tennessee defendants argue that "the crux" of plaintiffs' claims against them is that they violated 18 U.S.C. § 922(x)(1)(B). That statute provides that it "shall be unlawful for a person to sell, deliver, or otherwise transfer to a person who the transferor knows or has reasonable cause to believe is a juvenile— . . . ammunition that is suitable for use only in a handgun." 18 U.S.C. § 922(x)(1)(B).

The plaintiffs' causes of action against the Tennessee defendants, however, are all purely state-law claims—*i.e.*, ordinary negligence, negligence per se, gross negligence, civil conspiracy, and state corporate veil piercing.[20] Section 922, meanwhile, is a criminal-code provision and does not create a private right of action. *See Estate of Pemberton v. John's Sports*

---

[20] *See supra* note 5.

9 / 19

*Center, Inc.*, 135 P.3d 174, 181 (Kan. Ct. App. 2006) ("[Under] the federal standard for determining a private right of action, there is no legislative language in 18 U.S.C. § 922 or the accompanying provisions which can be classified as 'rights-creating language' which explicitly conferred a right directly to a class of persons . . . or language identifying the class for whose *especial* benefit the statute was enacted.").

Because the plaintiffs' case does not include any federal cause of action, the court must determine whether it falls into that "special and small category" of cases in which the state-law claims necessarily turn on questions of federal law. *Gunn*, 568 U.S. at 258; *see Grable*, 545 U.S. at 313–14. To do so, the court must apply the *Grable* factors.

### 1. "Necessarily Raised"

The first factor is whether the federal issue is "necessarily raised." *Gunn*, 568 U.S. at 258. The court agrees with the plaintiffs that the interpretation or application of section 922(x) is not necessary for the plaintiffs' negligence claims against the Tennessee defendants. *See Grable*, 545 U.S. at 315. "[W]hen a claim is supported by alternative and independent theories, one of which does not implicate federal law, the claim does not 'arise under' federal law." *Corporan v. Wal-Mart Stores East, LP*, 194 F. Supp. 3d 1128, 1132 (D. Kan. 2016) (citing *Christianson v. Colt Indus.*

*Operating Corp.*, 486 U.S. 800, 809–10 (1988)).

The Tennessee defendants contend that the Texas legislature has purposefully abstained from requiring ammunition vendors to conduct background checks, leaving only federal law to regulate ammunition sales. But section 922(x) is not the *only* standard that determines whether the Tennessee defendants' conduct was negligent.

"Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.,* 335 F.3d 453, 466 (5th Cir. 2003). The existence of a duty is a question of law, and may "be based on common[-]law principles, or the appropriate standard of conduct may be determined by statute." *Wal-Mart Stores, Inc. v. Tamez*, 960 S.W.2d 125, 127–28 (Tex. App.—Corpus Christi-Edinburg 1997, pet. denied). Yet even when the standard of conduct is measured by gauging compliance with a statute (*i.e.*, negligence per se), that theory "is not 'separate and independent from a common-law negligence cause of action,' but is 'merely one method of proving' negligence." *Reyna v. Academy Ltd.*, No. 01-15-00988-CV, 2017 WL 3483217, at *4 n.7 (Tex. App.—Houston [14th Dist.] Aug. 15, 2017, no pet.) (quoting *Zavala v. Trujillo*, 883 S.W.2d 242, 246 (Tex. App.—El Paso 1994, writ denied), and

citing *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex. 1982)).

Texas courts do indeed recognize that a violation of section 922(x) may constitute negligence per se. *See Holcombe v. United States*, 388 F. Supp. 3d 777, 802 n.11 (W.D. Tex. 2019) (collecting cases). But Texas courts have also recognized, under common-law negligence principles and without the assistance of negligence per se, that ammunition sellers owe a duty of ordinary care toward third parties who might be injured by an unreasonable sale of ammunition. *See, e.g., Tamez*, 960 S.W.2d at 130; *Peek v. Oshman's Sporting Goods, Inc.*, 768 S.W.2d 841, 847 (Tex. App.—San Antonio 1989, writ denied); *Hulsebosch v. Ramsey*, 435 S.W.2d 161, 163–64 (Tex. App.—Houston [14th Dist.] 1968, no writ). Thus, federal law is not *necessary* to decide the plaintiffs' negligence claims; a violation of section 922(x) is just one of the ways the plaintiffs can establish that the defendants were negligent. *See Corporan*, 194 F. Supp. 3d at 1132.

But the plaintiffs' claims include more than just negligence-based causes of action. They have also alleged a civil conspiracy, and under Texas law a civil conspiracy cannot be based on negligence. *See Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996) ("Because negligence by definition is not an intentional wrong, one cannot agree or conspire to be negligent."). Indeed, the plaintiffs' civil-conspiracy claim is expressly and exclusively

based on the Tennessee defendants' supposed decision to purposefully violate section 922(x).[21] This means the plaintiffs' case has "necessarily raised" the application of section 922(x). The first *Grable* factor is satisfied.

### 2. "Actually Disputed"

The second factor, whether the federal issue is "actually disputed," is also satisfied. The briefing and arguments on this motion about the proper construction of section 922(x) have made that clear enough.

### 3. "Substantial"

But whether the third factor is satisfied is not so clear. Though the plaintiffs' cases raise questions of federal law, their state-law claims do not seem to have the "sort of significance for the federal system necessary to establish jurisdiction." *Gunn*, 568 U.S. at 259. The Supreme Court has explained:

> [I]t is not enough that the federal issue be significant to the particular parties in the immediate suit; that will *always* be true when the state claim "necessarily raise[s]" a disputed issue, as *Grable* separately requires. The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole.

---

[21] *Tisdale* First Amended Petition, supra note 4, PDF at 64, 68; *Yarbrough* Petition, *supra* note 4, PDF at 30–31. The *Yanas* Third Amended Petition and the *Beazley* First Amended Petition (which is also part of the *Yanas* case) does not explicitly cite any statutes as part of its civil conspiracy claims, but both petitions cite section 922 and other federal provisions under its gross-negligence and negligence-per-se claims. *See Yanas* Third Amended Petition, *supra* note 4, PDF at 164, 168–70; *Beazley* First Amended Petition, *supra* note 4, PDF at 204, 211–12.

*Id.* at 260.

For example, *Merrell Dow Pharmaceuticals Inc. v. Thompson* presented a substantially similar question to this case: "whether the incorporation of a federal standard in a state-law private action, when Congress has intended that there not be a federal private action for violations of that federal standard, makes the action one 'arising under the Constitution, laws, or treaties of the United States[.]'" 478 U.S. 804, 805 (1986) (quoting 28 U.S.C. § 1331). In *Merrell Dow*, the plaintiffs alleged that drugs manufactured by the defendant caused birth defects. *Id.* at 805–06. The plaintiffs argued that the drugs were misbranded in violation of federal law, creating a rebuttable presumption of negligence. The defendant removed the case, but the court of appeals held that removal was improper because the plaintiffs' causes of action did not necessarily depend on substantial questions of federal law. *Id.* at 807.

> The Supreme Court affirmed, holding
>
> that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction.

*Id.* at 814. Later, in *Grable*, the Court affirmed the continuing vitality of

*Merrell Dow*, explaining that federal-question jurisdiction over state-law tort claims based on violations of federal standards would disrupt the division of responsibilities between federal and state courts. *Grable*, 545 U.S. at 318–19.

Like the state-law allegations in *Merrell Dow* that leaned on violations of a federal statute to create a presumption of negligence, the plaintiffs' allegations here are among the "garden-variety tort claims" that are simply unimportant to the federal system as a whole. *Mays v. City of Flint*, 871 F.3d 437, 449–50 (6th Cir. 2017) (citing *Merrell Dow*, 478 U.S. at 814, and *Grable*, 545 U.S. at 318–19); *see also Corporan*, 194 F. Supp. 3d at 1133–34 ("The Gun Control Act referenced by plaintiffs in their petition does not create a private, federal cause of action and the petition reveals a fact-bound, private dispute between parties with no direct interest by the United States. In such circumstances, the exercise of federal question jurisdiction is not appropriate.").[22]

The third *Grable* factor has not been satisfied in this case.

---

[22] Additionally, as the Sixth Circuit points out in *Mays*, the Supreme Court has "noted that allowing federal jurisdiction over typical negligence claims that implicate[] issues of federal law could dramatically increase the volume of federal litigation over state-law claims," and thus upset the balance of responsibilities between the federal and state judiciaries. *Mays*, 871 F.3d at 450 (citing *Merrell Dow*, 478 U.S. at 811–12, and *Grable*, 545 U.S. at 319).

### 4. "The Federal–State Balance"

Finally, it follows that the fourth *Grable* requirement is likewise not satisfied. There is no indication that Congress intended to bar state courts, through the enactment of section 922(x), from hearing third-party negligence cases against ammunition vendors simply because Congress allows the criminal prosecution of those who knowingly sell ammunition to juveniles.

So, even though determining whether the defendants violated section 922(x) is "necessary" for the plaintiffs' civil-conspiracy claim, and though the construction of the statute is "actually disputed," the court still concludes that no federal-question jurisdiction exists in this case. It is evident that the federal issue is not "substantial," so entertaining it would disturb the "congressionally approved balance of federal and state judicial responsibilities." *Gunn*, 568 U.S. at 258.

### B.    *Removal Under 28 U.S.C. § 1441(c) and Unanimous Consent to Removal Exceptions*

The plaintiffs argue that the Tennessee defendants' removals are procedurally defective because they failed, in all three cases, to obtain the consent of the Pagourtzis defendants.[23] The Tennessee defendants respond

---

[23] *Tisdale* Motion to Remand, *supra* note 1, at 8–11; *Yanas* Motion to Remand, *supra* note 2, at 8–12; *Yarbrough* Motion to Remand, *supra* note 3, at 3–4.

that the *Tisdale* and *Yanas* plaintiffs' arguments are at odds with 28 U.S.C.

§ 1441(c)(2)'s language. As for *Yarbrough*, the Tennessee defendants argue

that the plaintiffs' failure to properly serve the Pagourtzis defendants

absolved them of the need to obtain consent.[24] But because the plaintiffs'

complaints do not feature "a claim arising under the Constitution, laws, or

treaties of the United States (within the meaning of [28 U.S.C. § 1331])),"

removal under 28 U.S.C. § 1441(c) (and correspondingly the severance and

remand of the state-law claims against the Pagourtzis defendants) is

unavailable. *See* 28 U.S.C. § 1441(c). The court thus does not consider the

plaintiffs' and the Tennessee defendants' consent and improper-service-of-

process arguments.

## C.  *Request for Attorney's Fees and Costs*

The plaintiffs request an award of fees and costs associated with the

filing of their motions to remand.[25] A district court may require a removing

party to pay "just costs and any actual expenses, including attorney fees,

incurred as a result of removal" in an order to remand. 28 U.S.C. § 1447(c).

But an award is appropriate "only where the removing party lacked an

---

[24] *See Yarbrough* Response, *supra* note 12, at 36–40; Tennessee Defendants' Post-Hearing Letter Brief, *supra* note 16, at 2.

[25] *Tisdale* Motion to Remand, *supra* note 1, at 25–26; *Yanas* Motion to Remand, *supra* note 2, at 26–27; *Yarbrough* Motion to Remand, *supra* note 3, at 26–28.

objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The court finds that the defendants' arguments concerning 18 U.S.C. § 922(x) presented an objectively reasonable basis for removal.[26] The court therefore denies the plaintiffs' request for costs and fees.

* * *

As the plaintiffs' actions do not arise under federal law, federal-question jurisdiction does not support removal under either 1441(a) or (c). Accordingly, the court grants the plaintiffs' motions to remand and orders the United States District Clerk to transfer:

1. *Tisdale v. Pagourtzis*, No. 3:20-cv-140, to the Galveston County Clerk at the Probate Court in Galveston County;

2. *Yanas v. Pagourtzis*, No. 3:20-cv-141, to the Galveston County Clerk at County Court at Law No. 3 in Galveston County; and

3. *Yarbrough v. Pagourtzis*, No. 3:20-cv-171, to the Galveston County Clerk at County Court at Law No. 3 in Galveston County.

The court further orders that the parties bear their own attorneys' fees and costs stemming from these motions to remand.

---

[26] For the *Yarbrough* case, the fact that the Tennessee defendants withdrew their diversity-jurisdiction argument does not mean that the Tennessee defendants lacked a reasonable basis to seek removal: as in the other two cases, they also cited federal-question jurisdiction as a basis for removal. *See* Exhibit Declaration of Sherry S. Chandler, Yarbrough Plaintiffs' Motion to Remand, *Yarbrough v. Pagourtzis*, 3:20-cv-171 (S.D. Tex. June 19, 2020), Dkt. 16-3.

Signed on Galveston Island on the 7th day of December, 2020.

_____

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE